UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARY ANN BRIDGE; d/b/a AVALON SKIN CARE & TODAY'S MASSAGE, § § § Plaintiff, § VS. § SAFECO INSURANCE COMPANY OF § AMERICA, *et al*, § § Defendants. § | CIVIL ACTION NO. H-10-944 |

**MEMORANDUM OPINION AND ORDER**

**I.    Introduction**

Pending before the Court is the defendants', Safeco Insurance Company of America and First National Insurance Company of America, motion for summary judgment (Docket Entry No. 31).[1] The plaintiff, Mary Ann Bridge d/b/a Avalon Skin Care & Today's Massage, has filed a response in opposition that includes a motion to strike certain portions of the defendants' summary judgment evidence (Docket Entry No. 34) and a motion for a continuance (Docket Entry No. 35, amended in Docket Entry No. 37). The defendants filed a reply and objection and a motion to strike certain portions of the plaintiff's summary judgment evidence (Docket Entry No. 43), as well as another objection and motion to strike the plaintiff's affidavit (Docket Entry No. 50). After having carefully reviewed the motions, the responses, the record and the applicable law, the Court determines that substantial issues of material fact remain in dispute. Accordingly, the Court denies the parties' motions to strike, and the Court denies the defendants' motion for summary judgment.[2]

---

[1] The plaintiff originally sued five other defendants, but all of those defendants have been dismissed.
[2] The Court need not consider the plaintiff's motion for a continuance because the Court has ruled separately on that issue to deny the motion. <u>See</u> [Docket Entry No. 45].

## II. Factual Background

This case is an insurance coverage dispute. The plaintiff is a beauty salon located in Harris County, Texas. The defendants are insurance companies incorporated outside of Texas and with their principal places of business outside of Texas. The plaintiff owns a Texas insurance policy issued by at least one of the defendants, and she filed a claim with at least one of the defendants, alleging that Hurricane Ike damaged her insured property on or about September 12-13, 2008. The policy was in effect when Hurricane Ike struck. The policy has a building coverage limit of $292,700 and a personal property coverage limit of $69,460 – each with a two percent Windstorm or Hail Deductible. At least one of the defendants sent multiple insurance adjusters to examine the plaintiff's alleged damage. The plaintiff also contacted Area Wide Construction for an evaluation and repair bid. While at least one of the defendants has paid the plaintiff to cover a portion of her alleged damages, the parties disagree about the remainder of her alleged damages and whether they are covered under the policy.

The plaintiff originally filed suit in the District Court of Harris County, Texas, and the defendants removed the case, asserting federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## III. Contentions of the Parties

### A. The Plaintiff's Contentions

The plaintiff alleges that Hurricane Ike caused extensive damage to her property, including severe roof damage, water damage throughout the building, electrical problems and resultant loss of business. She alleges that windstorms and rain intrusion caused these damages, and she believes that they are covered by the policy. The plaintiff asserts four causes of action: (1) breach of contract for failing to adequately compensate her under the policy terms; (2) breach

of the duty of good faith and fair dealing for failing to adequately and reasonably investigate and evaluate her claim, and by denying and underpaying her claim; (3) various violations of Texas Insurance Code § 541.060(a);[3] and (4) various violations of Texas Insurance Code § 542.[4] Lastly, the plaintiff seeks to strike certain portions of the defendants' proffered summary judgment evidence.

### B. The Defendants' Contentions

The defendants claim that the plaintiff's roof damage (and the resultant water damage) was due to the worn out roof's age and deterioration rather than to Hurricane Ike. They maintain that First National paid the portion of the plaintiff's Hurricane Ike damages covered under the policy, but that First National denied those alleged damages not caused by Hurricane Ike. The defendants aver that there is no privity of contract between the plaintiff and Safeco because Safeco did not issue the policy or participate in the adjustment of the plaintiff's claim. The defendants assert that the policy does not provide business income coverage. They assert that the plaintiff's first amended complaint contains only conclusory and vague factual allegations. They further assert that the damage inside the plaintiff's building is precluded by the Wind Created Opening limitation to the policy.

The defendants assert that because they did not breach the contract – or in the alternative, that a reasonable coverage dispute exists – the plaintiff is not entitled to extra-contractual

---

[3] The plaintiff asserts that the defendants: (1) engaged in unfair competition and an unfair and deceptive act by "misrepresenting . . . material fact[s]" pertaining to her coverage, in violation of Section 541.060(a)(1); (2) "failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the [defendants'] liability has become reasonably clear," in violation of Section 541.060(a)(2)(A); (3) "failed to promptly provide [her] a reasonable explanation of the basis in the policy" to deny coverage, in violation of Section 541.060(a)(3); (4) "fail[ed] within a reasonable time to . . . affirm or deny coverage," in violation of Section 541.060(a)(4); and (5) attempted to pass off an "outcome-oriented" investigation "without conducting a reasonable investigation," in violation of Section 541.060(a)(7).

[4] The plaintiff asserts claims under: (1) Section 542.055 for failing to timely acknowledge receipt of her claim; (2) Section 542.056 for failing to timely respond in writing accepting or denying her claim; and (3) Section 542.058 for failing to timely pay her claim.

remedies. The defendants also move to strike certain portions of the plaintiff's summary judgment evidence.

## IV. Standard of Review

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the

existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## V. Analysis and Discussion

### A. Motions to Strike

Before the Court can address the substance of the parties' arguments, it must first determine what portion of that substance is permissible evidence. For the reasons set forth

below, the Court denies the parties' motions to strike. The admissibility of summary judgment evidence is subject to the same rules that govern the admissibility of evidence at a conventional trial. *See Munoz v. International Alliance of Theatrical Stage Employees*, 563 F.2d 205, 207, n.1 (5th Cir. 1977). Federal Rule of Civil Procedure 56(e) requires that "supporting or opposing affidavits must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." With this legal framework in mind, the Court turns to the parties' motions to strike.

### 1. The Plaintiff's Motion to Strike

At issue is whether portions of claims adjuster Cheryl Chowdhuri's affidavit, proffered by the defendants as summary judgment evidence, are inadmissible. The Court denies the plaintiff's motion to strike. The plaintiff denounces portions of Chowdhuri's affidavit as conclusory evidence and hearsay. Under Rule 56(e), conclusory evidence and hearsay will not support a summary judgment. *See Marshall v. E. Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998) (with respect to conclusory evidence); *Cormer v. Pennzoil*, 969 F.2d 1559, 1561 (5th Cir. 1992) (with respect to hearsay).

The contested portions of Chowdhuri's affidavit go to the heart of the parties' dispute. Chowdhuri's affidavit speaks to the relationship between Safeco and First National, the adequacy of the defendant(s)' investigation of the plaintiff's claim, and whether the plaintiff's claim is covered by the policy. All of these are disputed material facts, and they should be left for the trier of fact. Accordingly, the Court denies the plaintiff's motion to strike.

### 2. The Defendants' Motion to Strike

The defendants also contest some of the plaintiff's proffered summary judgment evidence. Specifically, they contest the plaintiff's affidavit, the portions of the plaintiff's

response that refer to her affidavit, Area Wide Construction's damage estimate and the plaintiff's expert declaration. For the reasons explained below, the Court denies the defendants' motion to strike.

The Court denies the defendant's motion to strike the plaintiff's affidavit. Just as the Court allowed the defendants' proffered evidence to survive summary judgment scrutiny in the preceding subsection, so too does the Court permit the plaintiff's affidavit to survive that scrutiny. It is for the factfinder to sift through the parties' conflicting assertions concerning the cause(s) of the plaintiff's alleged damages, filtering truth from falsehood. The factfinder needs to be presented with these conflicting assertions to make its own determination.

Likewise, the Court denies the defendants' motion to strike the portions of the plaintiff's response that refer to her affidavit. The defendant's motion to strike was premised upon the fact that the plaintiff neglected to attach her affidavit to her response. However, according to the Court's order on December 1, 2010 (Docket Entry No. 49), the plaintiff's affidavit is now attached to her response.

Accordingly, the Court also denies the defendants' motions to strike Area Wide Construction's estimate and the plaintiff's expert declaration. The defendants' objections regarding both of those documents are premised upon their contention that insufficient evidence is in the record to ensure that those documents are reliable and factually sufficient. Now that the plaintiff's affidavit is a part of the record, the defendants' two objections are rendered ineffective. First, Area Wide Construction's estimate is notarized and sworn to by the plaintiff, and the same estimate is referenced in Paragraph 8 of the plaintiff's response and in the plaintiff's affidavit. Second, her affidavit fills in factual holes with respect to the plaintiff's

expert declaration. The plaintiff's affidavit is now in the record, and the defendants' motions to strike are denied.

### B. Breach of Contract

The Court denies the defendants' motion for summary judgment on the plaintiff's breach of contract claim. The parties stipulate that water entered the plaintiff's building during Hurricane Ike. The issue is whether the resultant alleged water damage was a covered loss under the policy, and thus whether either defendant breached its alleged contract with the plaintiff by refusing to pay the balance of the plaintiff's purported damages. The defendants' liability is not reasonably clear because no party has shown, as a matter of law, whether the defendants wrongfully adjusted the plaintiff's damages claim. The extent to which the plaintiff's building was damaged by Hurricane Ike is not clear. Nor is it clear, as a matter of law, whether the rainwater damage sustained inside the plaintiff's building was covered by the policy.

Under Texas law, which governs this diversity suit, the same general rules that govern the interpretation of contracts govern the interpretation of insurance policies, and a policy must be interpreted to effectuate the intent of the parties at the time the policy was formed. *See Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003); *Progressive County Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551 (Tex. 2003). Terms within an insurance contract are given "their plain, ordinary, and generally accepted meaning unless the contract itself shows that particular definitions are used to replace that meaning." *Bituminous Cas. Corp. v. Maxey*, 110 S.W.3d 203, 208-09 (Tex. App. – Houston [1st Dist.] 2003, pet. denied) (internal citation omitted).

If an insurance contract is worded such that it "can be given a definite or certain legal meaning," then it is unambiguous and enforceable as written. *Nat'l Union Fire Ins. Co. of*

*Pittsburgh, Pa. v. CBI Indus.*, 907 S.W.2d 517, 520 (Tex. 1995). Only if an insurance contract is susceptible to multiple reasonable interpretations must a court adopt the interpretation most favorable to the insured. *Nat'l Union Fire Ins. Co.*, 907 S.W.2d at 520. Nevertheless, a court will not find a contract ambiguous merely because the parties offer contradictory interpretations. *See Cent. States, Se. & Sw. Areas Pension Fund v. Creative Dev. Co.*, 232 F.3d 406, 414 n.28 (5th Cir. 2000) (quoting *Wards Co. v. Stamford Ridgeway Assocs.*, 761 F.2d 117, 120 (2d Cir. 1985) (internal quotation marks and citation omitted)) ("A Court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings."); *see also*, *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 465 (Tex. 1998).

"The insured bears the initial burden of showing that there is coverage, while the insurer bears the burden of proving the applicability of any exclusions in the policy" that permit the insurer to deny coverage. *Guar. Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998) (citing *Telepak v. United Servs. Auto. Ass'n*, 887 S.W.2d 506, 507 (Tex. Civ. App. – San Antonio 1994, writ denied); *see also*, *Venture Encoding Serv., Inc. v. Atl. Mut. Ins. Co.*, 107 S.W.3d 729, 733 (Tex. App. – Fort Worth 2003, pet. denied) (stating that the Texas Insurance Code places the burden on the insurer to prove any exception to coverage). Once the insurer has established that an exclusion applies, the burden shifts to the insured to prove that an exception to the exclusion applies. *Guar. Nat'l Ins. Co.*, 143 F.3d at 193 (internal citation omitted). With these principles in mind, the Court turns to the relevant policy language.

### 1. The Plaintiff's Privity with Safeco

At issue is whether the Court should grant summary judgment for Safeco on all of the plaintiff's claims due to an alleged lack of privity between the plaintiff and Safeco. The Court

determines that material facts remain disputed with respect to this issue and therefore denies summary judgment. "Privity of contract is an essential element for recovery in an action based on contractual theory." *Conway v. Saudi Arabian Oil Co.*, 867 F.Supp. 539, 542 (S.D. Tex. 1994) (internal quotations marks and citations omitted). Generally, "an action for breach of contract requires privity between the party damaged and the party sought to be held liable." *C & C Partners v. Sun Exploration & Prod. Co.*, 783 S.W.2d 707, 721 (Tex. App. – Dallas 1989, writ denied) (internal citation omitted) (overruled on other grounds).

  The relationship between First National and Safeco is unclear, as is the extent to which either or both of the defendants are contractually bound to the plaintiff. Some of the defendants' own documents implicate Safeco. For example, the names of both defendants are on the contested policy. Moreover, an insurance adjuster's estimate of the plaintiff's claim, dated September 25, 2008, states "Safeco Insurance" on the top of the first page. (Docket Entry No. 31, Ex. A-2). The words "First National" do not appear on that document. In a November 24, 2008, letter from another adjuster to the plaintiff concerning her claim, the words "Safeco Insurance Company" and "First National Insurance Company of America" appear underneath the adjuster's signature. (Docket Entry No. 31, Ex. A-5). At the top of the same document, "Safeco Insurance" appears in large and shaded lettering on the left hand side, and at the top center of the page "First National Insurance Company of America" appears in smaller font. In short, the defendants' own documents do not sufficiently show which defendant issued the plaintiff's policy. Therefore, the Court determines that material issues of fact remain disputed as to whether Safeco should be in this lawsuit, and the Court denies the defendants' summary judgment motion on this issue.[5]

---

[5] However, the Court reserves the right to determine the relationships between and among the plaintiff, Safeco and First National at any time during the course of these legal proceedings, once those relationships become clear.

### 2.     Policy Exclusions and Limitations

The policy provides coverage "for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." (Docket Entry No. 31-2. Ex. A-1, p. 10). The policy's Cause of Loss Form sets forth certain exclusions to that coverage, namely that the policy does not cover "loss or damage caused by or resulting from . . . [w]ear and tear . . . [r]ust, or corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself." (*Id.* at 36). The policy also has a Wind Created Opening Limitation, which denies coverage over loss or damage to:

> The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand, or dust, whether driven by wind or not, unless . . . The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand, or dust enters.

(*Id.* at 39).

The Court determines that material facts remain outstanding with respect to this issue. The crux of the parties' dispute concerns whether the plaintiff's alleged damage was a covered loss caused by Hurricane Ike rather than by some other cause such as an obsolescent roof. The parties each submit expert testimony with inconsistent results. As stated in the plaintiff's response, "[a] comparison of the opinions by these two engineering experts readily reveals conflicting opinions." (Docket Entry No. 34, p. 12, ¶ 35). Thus, material facts remain disputed as to what caused the plaintiff's alleged property damage, and the Court denies summary judgment on this issue.

### 3. Loss of Business Income

The plaintiff is also seeking coverage for her alleged loss of business income. Because the defendants' liability for the plaintiff's alleged damages is unclear, and because the contractual, common law and statutory remedies to which the plaintiff may have recourse is unclear, the Court denies summary judgment on this issue.

### C. The Duty of Good Faith and Fair Dealing and the Texas Insurance Code

At issue is whether the defendants are liable for breaching their duty of good faith and fair dealing or for violating various provisions of the Texas Insurance Code. Many of the plaintiff's extra-contractual claims are premised on the withholding adjustment and payment of her alleged losses. Because substantial factual issues remain disputed concerning the policy, the Court denies summary judgment on these related issues. Until the plaintiff's policy claims are settled, the Court will not rule on the plaintiff's other claims. Therefore, the Court denies summary judgment with respect to these issues.

## VI. Conclusion

Based on the foregoing discussion, the Court DENIES the parties' motions to strike, and DENIES the defendants' motion for summary judgment.

It is so **ORDERED**.

SIGNED at Houston, Texas this 9th day of December, 2010.

_____
Kenneth M. Hoyt
United States District Judge